UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 23-9723-JFW(JCx)** | Date: November 28, 2023 |

Title:     768 Ceres, LLC -v- Katherine Taylor Kahn, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT; and**

**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS [filed 11/16/23; Docket No. 3]**

On July 11, 2023, Plaintiff 768 Ceres, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Katherine Taylor Kahn ("Kahn") and Heather Lynn Ferguson ("Ferguson") in Los Angeles Superior Court. On November 16, 2023, Juliana Medina ("Medina") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.[1]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See*

---

[1] In the Notice of Removal, Medina states that she is defendant in this action. *See* Notice of Removal, ¶¶ 1-2. However, the only defendants named in the Complaint attached to the Notice of Removal are Kahn and Ferguson. To the extent that Medina is not a party to this action, she had no standing to remove this action from Los Angeles Superior Court to this Court. In addition, even if Medina is a party to this action, this action must be remanded for the reasons stated in this Order.

Initials of Deputy Clerk   sr

*Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Medina bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Medina fails to meet her burden of demonstrating that removal is proper.  Plaintiff's Complaint alleges one claim for unlawful detainer under state law.  Although Medina alleges in her Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  In light of the remand of this action, Medina's Request to Proceed In Forma Pauperis is **DENIED.**

IT IS SO ORDERED.

Initials of Deputy Clerk  sr